On the Merits.
[2] The defendant is the head of a family —a widower with nine children depending upon him for support. He owns no other property than the mules, wagons, and harness described in the deed of trust. It is-therefore conceded that two of the mules and one wagon are exempt from seizure or liability for the debt due to H. M. & D. J. Kinard, under article 244 of the Constitution, unless the deed of trust operated as a waiver or renunciation of the exemption.
The district judge held that the deed of trust operated as a forfeiture or renunciation of the exemption, on the theory, as we understand, that it divested the defendant of his ownership of the property. We do not concur in that opinion. The defendant retained possession of the property described in the instrument, and it did not purport to divest him of his title. The purpose or consideration expressed in the deed was to secure the payment of a debt due by the defendant to H. M. & D. J. Kinard; and the condition stated was that, if Traylor should pay the debt when due, the deed should be void, but if the debt should not be paid at maturity, then the trustee, Greep, might take the property into his custody, and, on giving 10 days’ notice by publication on the courthouse in Union county, Ark., might and should sell the property for cash, and with the proceeds pay the debt due by Traylor to I-I. M. & D. J. Kinard, and, after deducting 5 per cent, commission for making the sale I and all other costs of the sale, turn over the residue to Traylor if there should be a residue. One of the Kinards, as a witness in the case, admitted in his testimony that the transaction was not intended as a sale, but was only a hypothecation of the property to secure the payment of the debt. It was not a pledge or pawn, because there was no delivery or transfer of possession. It was not made in conformity with the statute prescribing the form for a chattel mortgage in Louisiana, because it was signed by only one of the parties. See section 1 of Act No. "65 of 1,912, p. 76. Our conclusion, therefore, is that two mules and one wagon are exempt from liability for the debt that forms the basis of this suit.
[3] Harness is not mentioned in article 244 of the Constitution, unless it be in the category of farming implements on a homestead; and that is not the situation with regard to the harness sequestered in this case. It seems strange that the plaintiff should be allowed to strip the exempted mules of the harness with which they are to haul the exempted wagon. But, though that is perhaps the result of an oversight on the part of the framers of the Constitution, we are unable to correct it.
As the jurisdiction of this court extends only to the question of exemption in this suit, and, as that applies only to two mules and one wagon, the case must be transferred to the Court of Appeal for a decision of the issues affecting the other property sequestered.
The judgment appealed from is annulled and reversed in so far as it denied the exemption from seizure of two of the defendant’s mules and one wagon. It is therefore ordered, adjudged, and decreed that the sheriff release from seizure and deliver to the defendant two mules and one wagon, to be selected by him from the property sequestered in this suit. It is further ordered that this case be transferred to the Court of Ap *497 peal, Second Circuit, for a decision of all questions affecting the property sequestered and not now declared exempt from seizure. The plaintiff is to pay all costs incurred by the sequestration of the property declared exempt from seizure, and all costs of the appeal to this court. All other costs of court are to depend upon the judgment of the Court of Appeal.